**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 08-35293 |
| Respondent - Appellee, | D.C. Nos.   6:02-cr-60101-AA |
| v. | 6:06-cv-70003-AA |
| TIMOTHY DEAN SMITH, | MEMORANDUM[*] |
| Petitioner - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted February 10, 2011
Seattle, Washington

Before: B. FLETCHER, PAEZ, and IKUTA, Circuit Judges.

Timothy Smith appeals the district court's denial of his 28 U.S.C. § 2255

habeas petition and request for an evidentiary hearing. We have jurisdiction

pursuant to 28 U.S.C. § 1291. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

The district court did not err in rejecting Smith's ineffective assistance of counsel claim premised on failure to argue that the police lacked consent to search his entire car, or in denying Smith's motion for an evidentiary hearing on this claim, because Smith failed to allege "specific facts which, if true, would entitle him to relief." *United States v. Howard*, 381 F.3d 873, 877 (9th Cir. 2004). Even if Smith's claim that he did not consent to a search of the entire car was meritorious, the district court considering Smith's suppression motion correctly concluded that the police had probable cause to conduct a warrantless search of his truck, based on the following: (1) the "Attempt to Locate" alert for a man meeting Smith's description and a royal blue Dodge Dakota pickup, which were suspected of involvement in a string of burglaries; (2) an off-duty officer's observation of Smith "casing" residences in a royal blue Dodge Dakota pickup; and (3) the arresting officer's detection of a Sawzall and three screwdrivers, tools of the kind he knew burglars use to enter buildings, during a limited search that Smith admits was consensual. *See United States v. Brooks*, 610 F.3d 1186, 1193 (9th Cir. 2010); *United States v. Gonzales*, 749 F.2d 1329, 1337 (9th Cir. 1984). Because the district court correctly denied Smith's suppression motion on this alternate ground, any error by Smith's counsel in raising Smith's lack of consent claim would not have affected the outcome of the suppression motion. Therefore, Smith's

ineffective assistance of counsel claim cannot prevail. *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

The district court also did not err in denying Smith's claim that his trial counsel rendered ineffective assistance by failing to investigate, obtain, and present additional evidence that his prior burglary conviction did not qualify as a violent felony under the Armed Career Criminal Act. *See generally Taylor v. United States*, 495 U.S. 575, 601–02 (1990). The Supreme Court has not indicated that evidence outside the narrow category of documents permitted by *Taylor* and *Shepard v. United States*, 544 U.S. 13, 26 (2005), may be presented by the defense, and therefore Smith's proffered evidence was plainly inadmissible. *See United States v. Corona-Sanchez*, 291 F.3d 1201, 1211 (9th Cir. 2002) (en banc), *superseded on other grounds by* U.S.S.G. § 2L1.2, cmt. n.4 (2002); *United States v. Pallares-Galan*, 359 F.3d 1088, 1099 (9th Cir. 2004). Nor did Smith have a due process right to conduct the sort of "evidentiary enquir[y] into the factual basis for the earlier conviction," *Shepard*, 544 U.S. at 20, that the Court rejected in *Taylor* and again in *Shepard*. Accordingly, counsel's representation was not deficient relative to extant professional norms. *Strickland*, 466 U.S. at 687–88.

**AFFIRMED**.